**HUO QIN CHEN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 05–4704–ag.**

United States Court of Appeals, Second Circuit.

March 4, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Huo Qin Chen, New York, NY, pro se.

Jeffrey A. Taylor, United States Attorney, Kenneth Adebonojo, Assistant United States Attorney, Washington, D.C., for Respondent.

PRESENT: ROSEMARY S. POOLER, ROBERT D. SACK and REENA RAGGI, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Huo Qin Chen, a native and citizen of the People's Republic of China, seeks review of an August 12, 2005 order of the BIA affirming the March 17, 2004 decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chen,* No. A 79 307 584 (B.I.A. Aug. 12, 2005), *aff'g* No. A 79 307 584 (Immig. Ct. N.Y. City Mar. 17, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

The agency based its adverse credibility determination on the supposed vagueness of Chen's testimony, his failure to authenticate certain documents, and one inconsistency. Because we identify errors in the agency's vagueness and authentication findings which preclude us from concluding that the same conclusion would be reached on further inquiry, we remand the case for proceedings consistent with this order.

■ Where the agency questions a petitioner's credibility based on his "spare" testimony, it "may wish to probe for incidental details, seeking to draw out inconsistencies that would support a finding of lack of credibility." *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir.2003), *overruled in part on other grounds by Shi Liang Lin*, 494 F.3d at 305.[2] Here, in finding that Chen was not credible, the agency cited vagueness in Chen's testimony regarding his wife's sterilization and his family's attempts to hide his second child. It did not, however, identify any specific details that it found lacking. *See Jin Shui Qiu*, 329 F.3d at 152. Although the agency's questioning did "draw out" one inconsistency, as discussed below, this inconsistency is not sufficiently material that, standing alone, it can support an adverse credibility determination. *See Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000).

■ To the extent the IJ rejected Chen's persecution claim because he failed to produce authenticated corroboration that his wife had been sterilized, we have held that an IJ may not reject corroborating documents solely because they were not authenticated pursuant to 8 C.F.R. § 287.6 (subsequently recodified at § 1287.6). *Cao He Lin*, 428 F.3d at 404–

05. Accordingly, remand is warranted for further consideration of whether authentication was even possible in this case.

■ As stated above, the agency properly identified an inconsistency in Chen's testimony. Chen claimed that his wife attempted to register their second daughter—notwithstanding the illegality of her birth—because they thought that, at most, the government would fine them and force his wife to use an IUD. When questioned, however, Chen admitted that he had testified that his wife was already using an IUD at that point. Chen's explanation for this inconsistency, that he was simply speculating about hypothetical penalties, is not so compelling as to demonstrate agency error. *See, e.g., Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005). Nonetheless, remand is required because, as we noted at the outset, we cannot confidently predict that the agency would have made the same adverse credibility determination absent the identified errors. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 111 (2d Cir.2006) (holding that "[t]he more central an errant finding was to the IJ's adverse credibility determination, ... the less confident we can be that remand would be futile").

■ Finally, contrary to the government's contention, our recent decision in *Shi Liang Lin*, 494 F.3d 296, does not render remand futile. While Chen would not be eligible for asylum based on his wife's forced sterilization alone, *id.* at 308–10, Chen testified that he argued with family planning officials after his wife's sterilization and that they threatened to arrest him for being a "revolutionist." Because this basis for claimed fear of future

---

**2.** The agency may also rely on the vagueness of a petitioner's testimony to support a finding that he did not meet his burden of proof where his testimony does not "identify facts corresponding to each of the elements of the 'refugee' categories of the immigration statutes." *Jin Shui Qiu*, 329 F.3d at 151. For reasons discussed herein, that is not this case.

persecution necessarily depends on an assessment of Chen's credibility it is appropriately considered, in the first instance, by the agency on remand. *See* 8 U.S.C. § 1101(a)(42) ("a person who has a well founded fear that he or she will be... subject to persecution for ... resistance [to a coercive population control program] shall be deemed to have a well founded fear of persecution on account of political opinion").

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case REMANDED for further proceedings consistent with this order. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).